In re Verna L. DIXON, Debtor.

Verna L. Dixon, Plaintiff,

v.

Household Realty Corp., Defendant.

No. 09–90426–MGD.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

April 14, 2010.

Ralph Goldberg, Goldberg & Cuvillier, P.C., Decatur, GA, for Plaintiff.

Brad A. Baldwin, Burr & Forman LLP, Atlanta, GA, for Defendant.

***ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION, DENYING DEBTOR'S MOTION TO STRIKE, AND GRANTING DEFENDANT'S MOTION TO STAY RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT***

J. MARY GRACE DIEHL, Bankruptcy Judge.

The above-styled adversary proceeding is before the Court on Plaintiff's Motion to

Strike and Defendant's Motion To Compel Arbitration And Stay Proceedings ("Motion to Compel Arbitration"). (Docket Nos. 7 & 9). The Motion was filed in Response to Plaintiff's Complaint for rescission and damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, related to a second mortgage loan made by Defendant to Plaintiff. Defendant submits that Plaintiff's claims are required to be arbitrated in accordance with the terms of the Arbitration Rider, which was executed by both parties in conjunction with the loan agreement. Defendant first asserted arbitration as an affirmative defense in its answer. (Docket No. 5). Plaintiff responded with a Motion to Strike.[1] (Docket No. 7). Defendant subsequently filed the Motion to Compel Arbitration.[2] (Docket No. 9).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). As set forth below, regardless of whether Plaintiff's claims constitute "core proceedings," as provided by 28 U.S.C. § 157(b)(2), or "non-core proceedings," arbitration is required because there is no inherent conflict between enforcement of the arbitration agreement voluntarily entered into by the parties and the underlying purposes of the Bankruptcy Code.

## I. FACTUAL BACKGROUND

On January 11, 2007, Verna L. Dixon ("Debtor") entered into a loan transaction with Household Realty Corporation ("Household" or "Defendant"). Debtor borrowed $21,399.30 and gave Household a second priority security deed against her residence at 836 Gaston Street, S.W. Atlanta, Georgia 30310. Among the documents executed by Debtor and Household at the closing was a three page "Arbitration Rider," which allows either party to submit claims relating to the loan agreement to binding arbitration. According to Debtor's Chapter 13 schedules, the value of her residence is $89,000, and the claim of Bayview Loan Servicing, the first lien holder, is $68,000. On February 17, 2010, Household filed a claim in the amount of $21,390.66.

Debtor filed her Chapter 13 case on November 16, 2009. Debtor's Chapter 13 Plan ("Plan") was filed on December 9, 2009. (Case No. 09–90426, Docket No. 12). The Chapter 13 plan is ambiguous in its treatment of Household. The Plan section titled "Claims Secured by Real Property which Debtor Intends to Retain" states in pertinent part:

> Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.... Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.

Household is listed in the creditor table following this section and the Plan includes, $1,500 in estimated pre-petition arrearages and $50 as a projected monthly arrearage payment. Below the table is the following sentence: "Debtor has filed a TIL rescission case against HRC [sic] and objects to any funding until such adversary is resolved."

This Adversary Proceeding was commenced on December 11, 2009. The Complaint seeks both rescission of Debtor's mortgage with Household and damages under 15 U.S.C. §§ 1635 and 1640, respectively. Paragraph 2 of the Complaint alleges that the matter is a core proceeding under 28 U.S.C. § 157(b)(2). Household's

---

**1.** Defendant responded and Plaintiff replied. (Docket Nos. 11 & 16).

**2.** Plaintiff responded and Defendant replied. (Docket Nos. 10 & 14).

Answer, filed January 29, 2010, denies that the matter is core. Household's Answer also raises the parties' agreement to arbitrate as a separately enumerated defense.

Debtor filed a Motion to Strike Defendant's arbitration defense on February 25, 2010, and Household filed this Motion to Compel Arbitration on February 26, 2010.[3] A hearing on confirmation of the Chapter 13 Plan was held on March 17, 2010 and continued until May 19, 2010 to allow the Court to resolve these motions.

## II. DISCUSSION AND LAW

The Court must determine whether Debtor's TILA claims for rescission and damages are claims that are required to be arbitrated under the Arbitration Rider. The parties agree that Debtor and Household entered into a valid and binding arbitration agreement with respect to issues arising out of the home loan transaction. The parties also agree that the Arbitration Rider falls within the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*

■ The FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 443, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006). It provides that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Because the FAA establishes a federal policy that favors the use of arbitration, courts are required to "rigorously enforce agreements to arbitrate." *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987). "This

duty to enforce arbitration agreements is not diminished when a party bound by an agreement raises a claim founded on statutory rights." *Id.*

■ However, the FAA's strong national arbitration policy is subject to override where Congress expresses an intention to do so. The party opposing arbitration carries the burden of proving "that Congress intended to preclude a waiver of judicial remedies for [the claim] at issue." *Id.* at 227, 107 S.Ct. 2332.

In *McMahon,* the Supreme Court adopted a three factor test to determine the intent of Congress: (1) the text of the statute; (2) its legislative history, and (3) whether an inherent conflict between arbitration and the underlying purposes [of the statute] exists. *Id.* The Eleventh Circuit has applied this three part test to bankruptcy proceedings and has determined that there is no evidence within the text or in the legislative history that Congress intended to create an exception to the FAA in the Bankruptcy Code. *Whiting–Turner Contracting Co. et al. v. Elec. Mach. Enters., Inc. (In re Elec. Mach. Enters., Inc.),* 479 F.3d 791, 796 (11th Cir. 2007); *see also Mintze v. Am. Gen. Fin. Servs., Inc. (In re Mintze),* 434 F.3d 222, 231 (3d Cir.2006). Thus, the only issue for this Court is whether there is an inherent conflict between enforcing the arbitration agreement and the purposes of the Bankruptcy Code.

■ In the Eleventh Circuit, *McMahon's* third factor, whether there is an inherent conflict between arbitration and the Bankruptcy Code's underlying purpose, is only evaluated in core proceedings. *In re Elec. Mach. Enters., Inc.,* 479 F.3d at

---

**3.** Also pending in this adversary proceeding is Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion to Stay Ruling on Plaintiff's Motion for Partial Summary Judgment Pending Ruling on Defendant's Motion to Compel Arbitration and Stay Proceedings. (Docket Nos. 8, 12 & 13). This Order will also rule on that Motion.

796. Bankruptcy courts do not have the discretion to decline to enforce an arbitration agreement in non-core proceedings. *Id.*; *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1157 (3d Cir.1989) (finding arbitration of non-core claims was mandatory); *MCI Telecommunications Corp. v. Gurga (In re Gurga)*, 176 B.R. 196, 197 (9th Cir. BAP 1994). If the matter is a core proceeding, then the bankruptcy court engages in the "inherent conflict" analysis. *Id.*

Courts disagree as to whether TILA actions commenced in bankruptcy court constitute core proceedings. *Compare, e.g., McDonald v. Cash N Advance, Inc. (In re Lucas)*, 312 B.R. 407, 410 (Bankr. D.Nev.2004) (determining that a TILA claim is a core proceeding as a counterclaim by the estate under 28 U.S.C. § 157(b)(2)(C)) *with Porter v. Nationscredit Consumer Discount Co. (In re Porter)*, 295 B.R. 529, 539–40 (Bankr.E.D.Pa.2003) (finding that TILA and RICO claims are non-core proceedings because they are not created by the Bankruptcy Code nor do they arises from the administration of the bankruptcy case).[4] Here, Plaintiff asserts that the matter is a core proceeding under 28 U.S.C. § 157(b)(2)(K), as an action to determine the validity, extent and priority of a lien.[5] Defendant disagrees and argues that Plaintiff's action is a non-core

proceeding. The Eleventh Circuit has not ruled expressly on this issue, yet, the Eleventh Circuit has defined what constitutes a "core proceeding":

> If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke substantive rights created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding.

*Continental Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1348 (11th Cir. 1999) (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir.1987)).

■ Regardless of whether this adversary proceeding is core or non-core, arbitration is appropriate under the facts and circumstances of Plaintiff's TILA claims.[6] As a non-core proceeding, the Court would appear to lack discretion to decline to enforce the arbitration agreement. *In re*

---

4. The Court notes that the timing and procedural posture of each case plays a role in a court's determination of whether a matter is core or non-core. One factor that may be persuasive to a court is whether the creditor has filed a proof of claim at the time the complaint in the adversary proceeding is filed. *E.g., In re Lucas*, 312 B.R. at 410 n. 5.

5. One of the cases relied upon by Plaintiff is a decision of this Court, *In re Spinner*, 398 B.R. 84 (Bankr.N.D.Ga.2008). In that case, the Plaintiff alleged the matter was a core proceeding and Defendant admitted that allegation, so there was no issue for the Court to decide.

6. Of course, if the matter is non-core, the Bankruptcy Court is not authorized to enter final findings of fact and conclusions of law and must submit proposed findings of fact and conclusions of law to the District Court. 28 U.S.C. § 157(c)(1). If the parties consent, the Bankruptcy Court may make a final determination. 28 U.S.C. § 157(c)(2); Fed R. Bankr.P. 7008. Given that Debtor seeks a final determination of this matter from this Court by alleging the matter is core, and that the Court finds that arbitration should be compelled even if the matter is core, entry of this Order is appropriate.

*Elec. Mach. Enters., Inc.*, 479 F.3d at 796. As a core proceeding, arbitration remains the appropriate remedy because Plaintiff has not sustained her burden under *McMahon* of demonstrating that Congress intended to preclude arbitration of the TILA claims under the circumstances of this case.

It is clear that the Plaintiff's TILA claim could have been brought in a non-bankruptcy forum. Because Plaintiff's TILA claim does not involve a substantive right created by the Bankruptcy Code and because it is not a proceeding that would arise only in a bankruptcy case, the matter would appear to be non-core under the Eleventh Circuit's standard.

However, even if the Court were to determine that the claims constitute a core proceeding, the Court would exercise its discretion to compel arbitration in this matter because there is no inherent conflict between the Bankruptcy Code and enforcing the parties' arbitration agreement. Plaintiff does not assert that Plaintiff's claims fall outside of the scope of the Arbitration Rider, executed in connection with the loan agreement. Instead, Plaintiff relies on a circular argument to support the position that this is a core proceeding.

Plaintiff seems to conflate the TILA statutory basis for her claim with the remedy she seeks. Plaintiff asserts that this action is a core proceeding under 28 U.S.C. § 157(b)(2)(K), as an action to determine the validity, extent and priority of a lien. Plaintiff is correct that the remedy she seeks—rescission of her mortgage loan under TILA—would compel a determination of the validity of the lien asserted by Household's lien. However, it is only the remedy that brings the claim within the language of 28 U.S.C. § 157(b), and this remedy alone cannot convert her TILA claims into a core proceeding. The es-

sence of Plaintiff's claims are whether proper disclosures were made at the time she entered into the loan agreement with Defendant. Plaintiff asserts a remedy arising under TILA, not the Bankruptcy Code. Although Plaintiff's claims impact her bankruptcy proceeding and Plan, the claims themselves do not arise only within the bankruptcy context. Plaintiff has failed to demonstrate an inherent conflict in enforcing the arbitration agreement and prosecuting her pending Chapter 13 case. She has not established that Congress intended to preclude arbitration of the TILA claims under the circumstances of her case.

Based on the absence of an inherent conflict between the Bankruptcy Code and the parties' arbitration agreement, coupled with Plaintiff's statutory based TILA claims, which exist and may proceed outside the bankruptcy context, the Arbitration Rider is enforceable and Defendant's Motion to Compel Arbitration is granted.

■ The Court must also consider Plaintiff's pending Motion to Strike Defendant's second affirmative defense of enforceability of the parties' arbitration agreement. Rule 12(f) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, provides the court a means to remove material from a pleading that it finds "redundant, immaterial, impertinent, or scandalous" or defenses that it finds legally insufficient. Fed. R. Civ. P. 12(f). To prevail on this motion to strike, the movant must clearly show that the challenged matter "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." *Id.* Plaintiff's Motion to Strike must be denied because she fails to meet the standard set forth in Rule 12(f). Defendant's arbitration defense is not redundant, im-

material, impertinent, or scandalous, and it has direct bearing on the litigation.

The Court will also grant Defendant's pending Motion to Stay Ruling on Plaintiff's Motion for Partial Summary Judgment. Defendant requested that a ruling on Plaintiff's Motion for Partial Summary Judgment be stayed until the Court determined Defendant's Motion to Compel Arbitration. Having determined that Defendant's Motion to Compel Arbitration should be granted, the adversary proceeding and Plaintiff's Motion for Partial Summary Judgment will be stayed pending the completion of the arbitration. Accordingly, it is

**ORDERED** that Defendant's Motion to Compel Arbitration is hereby **GRANTED.**

It is **FURTHER ORDERED** that Plaintiff's Motion to Strike is hereby **DENIED.**

It is **FURTHER ORDERED** that Defendant's Motion to Stay Ruling on Plaintiff's Motion for Partial Summary Judgment Pending Ruling on Defendant's Motion to Compel Arbitration and Stay Proceedings is hereby **GRANTED.**

It is **FURTHER ORDERED** that Plaintiff is directed to file a status report with the Court within twenty-one (21) days following the arbitrator's final ruling. Defendant shall have twenty-one (21) days from Plaintiff's filing of the status report to respond to Plaintiff's Motion for Partial Summary Judgment.